UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                        Petitioner,

        -against-

WARDEN AND/OR SUPERINTENDENT
OF THE WESTCHESTER COUNTY JAIL,

                        Respondent.

25-CV-5258 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Petitioner, who is currently incarcerated at Auburn Correctional Facility, brings this *pro se* amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his November 2009 conviction in the Town of Mount Pleasant court. By order dated September 16, 2025, the Court construed Petitioner's original submission as a petition under Section 2254, and directed him to file an amended petition. (ECF 6.) Following the Court's order, Petitioner has filed three amended petitions under Section 2254, and two letters that contain excerpts from the court's Section 2254 petition form. In light of Petitioner's *pro se* status, the Court will construe all five submissions as a single amended Section 2254 petition. The Court denies the amended petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner initiated this action by filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging an unspecified conviction in a court located in the Town of Mount Pleasant, New York, on the ground that the arrest occurred on the premises of the Westchester County Jail, which Petitioner asserted is not located in Mount Pleasant. (ECF 1.) By order dated September 16, 2025, the Court construed the petition as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and granted Petitioner 60 days to withdraw the petition if he did not want to seek relief under Section 2254. (ECF 6, at 3.)

The Court also directed Petitioner to file an amended Section 2254 addressing the following issues. First, the Court held that the petition did not conform to Rule 2 of the Rules Governing Section 2254 Cases because Petitioner did not state the specific conviction or convictions that he seeks to challenge, he did not state the relief he is seeking, and it was unclear whether his submission included all his grounds for relief and supporting facts. (*See id.* at 3-4.) Second, the Court held that Petitioner did not allege any facts suggesting that he has exhausted his state court remedies with respect to the conviction or convictions he seeks to challenge. (*See id.* at 4-5.) Third, the Court explained that a district court can only entertain a petition for *habeas corpus* filed by someone "in custody" under the conviction he seeks to attack at the time the

2

petition is filed, and determined that Petitioner no longer appeared to be in custody pursuant to

his 2009 conviction. (*See id.* at 5.) Finally, the Court determined that the petition may be time-

barred. Although Petitioner did not provide sufficient information for the Court to determine

when his conviction became final for the purposes of the one-year limitations period, the Court

noted that he filed the petition more than 15 years after the conviction he appears to challenge.

(*See id.* at 5-7.) The Court directed Petitioner leave to file an amended Section 2254 petition that

cures each of the deficiencies identified in its order.

Following the Court's order, Petitioner filed three amended Section 2254 petitions: one

on November 6, 2025 (ECF 7), another on November 10, 2025 (ECF 9), and another on

December 22, 2025 (ECF 12). He also filed two letters that include excerpts from the court's

Section 2254 petition form. (*See* ECF 8, 10.) In light of Petitioner's *pro se* status, the Court will

construe all five of these submissions as a single amended petition.

The following allegations are drawn from the amended petition. Petitioner alleges that, in

November 2009, he pleaded guilty to assault in the third degree in the Town of Mount Pleasant

court. (ECF 8, at 5; ECF 9, at 1). He was sentenced to one year of imprisonment. (ECF 9, at 1.)

Petitioner alleges that he attempted to file a direct appeal "but [he] never perfected it."

(ECF 7, at 2; *see* ECF 9, at 3.) He also states that he "probably did not exhaust state review"

(ECF 7, at 4) and that "[n]o motion under N.Y. Crim. Proc. Law § 440 was filed" with respect to

this conviction (ECF 8, at 1).[1]

---

[1] Petitioner also states that, in 2010, he filed a federal *habeas corpus* petition challenging
this conviction, and that the petition was assigned to Judge Loretta Preska. (*See* ECF 10, at 2.)
Court records indicate that Petitioner filed a petition for a writ of *habeas corpus* that was opened
in this court on January 3, 2011. *See Burns v. Warden*, No. 11-CV-0141 (LAP) (S.D.N.Y. Feb. 7,
2011). That petition challenged Petitioner's then-ongoing criminal proceedings in the Yonkers
City Court. By order dated February 7, 2011, then-Chief Judge Preska construed the petition was
one under 28 U.S.C. § 2241, and denied the petition because Petitioner did not allege any facts

Petitioner states that he has served his sentence for the conviction he is challenging, although he states that this conviction has been "referenced in current criminal matters." (ECF 12, at 1.)

Although Petitioner seems to acknowledge that the petition was not filed within one-year after his conviction became final, he argues that the petition "may not be untimely as this issue was not widely known to the public." (*Id.* at 3.)

With respect to his ground for relief, Petitioner "is concerned the Westchester County Jail & Penitentiary, [where he was arrested], is not actually within the limits of the Town of Mount Pleasant, but possibly within the limits of the Town of Greenburgh." (ECF 9, at 3.) Petitioner admits, however, that he is "not 100% sure," but he has "reasonable suspicion" that he was "arraigned in the wrong court." (*Id.*) He argues that there is a "strong probability that the jail is actually in an unincorporated area of Greenburgh once known as Eastview." (*Id.* at 5.)

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, to bring a Section 2254 petition challenging a state court

---

demonstrating that he fully exhausted his state court remedies with respect to his pretrial detention. ECF 1:11-CV-0141, 4. The Mount Pleasant conviction Petitioner is challenging here appears to be different than the pretrial detention, which arose from proceedings in Yonkers City Court, he challenged in that action.

conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See*

*Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

Here, Petitioner seeks to challenge a 2009 conviction for which he was sentenced to one year of incarceration. In his petition, he affirmatively states that he is no longer serving a sentence for the conviction he seeks to challenge. (*See* ECF 12, at 1.) Because Petitioner is no longer in custody under the conviction he challenges,[2] the Court lacks jurisdiction to consider his Section 2254 petition, and denies the petition on that basis.[3]

### CONCLUSION

The Court denies the amended petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    February 25, 2026
              New York, New York

                                                                          *Louis L. Stanton*
                                                                LOUIS L. STANTON
                                                                       U.S.D.J.

---

[2] Petitioner suggests that the old conviction he challenges here has been used against him in more recent criminal proceedings. (*See* ECF 12, at 1.) Although there are very limited circumstances in which a petitioner can raise a claim that a prior conviction used to enhance a sentence was obtained unconstitutionally, *see Lackawanna*, 532 U.S. at 404-05, such a claim must be raised in a *habeas* petition challenging the enhanced sentence for which he is currently in custody.

[3] Although the Court denies the petition because Petitioner is no longer in custody pursuant to the conviction he seeks to challenge, the Court also notes that the allegations in the amended petition also demonstrate that Petitioner has not exhausted his state court remedies and that the petition was filed well beyond the one-year limitations period for filing a Section 2254 petition.